# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Carl Benson | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| | * |
| | * |
| | * Civil Action No. 3:14-CV-1046-B |
| Bank of America, National Association | * |
| CODILIS & STAWIARSKI, P.C., | * |
| Mary M Speidel | * |
| | * |
| | * |
| | * |
| Defendant, | |

## MOTION TO STAY TEMPORARY INJUNCTION

  COME NOW, :Carl: Benson: herein, Petitioner and file this, Motion to Stay Temporary Injunction and would show unto the Court the following: order for temporary injunctive relief, in compliance & under Authority of Texas Rules of Civil Procedure §680 - §693. Tex. R. Civ. P. 680, Tex. R. Civ. P. 681, Tex. R. Civ. P. 682, Tex. R. Civ. P. 683, Tex. R. Civ. P. 684, Tex. R. Civ. P. 688, Tex. R. Civ. P. 693 :Carl: Benson: appears as plaintiffs, Bank of America, National Association as Successor By Merger to LaSalle Bank National Association as Trustee for Certification of EMC Mortgage Corporation Loan & Trust 2004-B, ITS SUCCESSORS AND ASSIGNS, CODLIS & STAWIARSKI, P.C. JP Morgan Chase Bank N.A., ALLIED HOME

1

MORTGAGE CAPITAL CORPORATION THOMAS E. BLACK Jr. OR ASSIGNS,TRUSTEES ETC., etal., McCARTHY HOLTHUS & ACKERMAN, LLP., ATTORNEYS, AGENCIES, ASSIGNS HUD, AND ITS ASSOCIATES AND OR ASSIGNS ALL OF ITS ATTORNEYS, GREG GRAHAM, BROKER COLDWELL BANKER RESIDENTIAL BROKERAGE, JP Morgan Chase Bank, National Association, & Fannie Mae Charles R. Curran, Quiling, Selader, Lownds, Winselett & Moser, P.C., Justice of the Peace, Valencia Nash Precinct 1 Place 2, Attorney Mellissa McLain State Bar No. 24032731, Dallas County Constable Deputy T. Jackson Badge No. 144 et al. . is represented by counsel. This court determines that it has subject matter jurisdiction under authority of Texas Statute, and by the sufficiency of complaint submitted by :Carl: Benson:. Whereas this court determines that the Bank of America, National Association as Successor By Merger to LaSalle Bank National Association as Trustee for Certification of EMC Mortgage Corporation Loan & Trust 2004-B, ITS SUCCESSORS AND ASSIGNS, CODLIS & STAWIARSKI, P.C., JP Morgan Chase Bank N.A., ALLIED HOME MORTGAGE CAPITAL CORPORATION THOMAS E. BLACK Jr. OR ASSIGNS,TRUSTEES ETC., et al., McCARTHY HOLTHUS & ACKERMAN, LLP., ATTORNEYS, AGENCIES, ASSIGNS HUD, AND ITS ASSOCIATES AND OR ASSIGNS ALL OF ITS ATTORNEYS, GREG GRAHAM, BROKER COLDWELL BANKER RESIDENTIAL BROKERAGE, JP Morgan Chase Bank, National Association, & Fannie Mae, Charles R. Curran, Quiling, Selader, Lownds, Winselett & Moser, P.C., Justice of the Peace, Valencia Nash Precinct 1 Place 2, Attorney Mellissa McLain State Bar No. 24032731, Dallas County Constable Deputy T. Jackson Badge No. 144   et al.,   failed or refused to comply with Federal Rules of Civil Procedure, Texas. R. Civ. P. 55(a), (b)(1), the Bank of America, National Association as Successor By Merger to LaSalle Bank National Association as Trustee for Certification of EMC Mortgage Corporation Loan & Trust 2004-B, ITS SUCCESSORS AND ASSIGNS, CODLIS & STAWIARSKI, P.C., JP Morgan Chase Bank N.A.,  McCarthy, Holthus & Ackerman, LLP. & HUD c/o Southwest Alliance, GREG GRAHAM, BROKER COLDWELL BANKER RESIDENTIAL BROKERAGE, JP Morgan Chase Bank, National Association, & Fannie Mae, Charles R. Curran, Quiling, Selader, Lownds, Winselett & Moser, P.C., Justice of the Peace, Valencia Nash Precinct 1 Place 2, Attorney Mellissa McLain State Bar No. 24032731, Dallas County Constable Deputy T. Jackson Badge No. 144 et. al, is enjoined from confirming the Trustee sale on property described as: 160 Palm Drive, Lancaster, Texas [75146], Lot 20 BLOCK B OF ROLLING MEADOWS ADDITION, PHASE 1 AN ADDITION TO THE CITY OF LANCASTER, COUNTY OF DALLAS, TEXAS, ACCORDING TO MAP OR PLAT THEROF RECORDED IN VOLUME 201227, Page 51, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.   Plea to the Jurisdiction and granting Real Party in Interest's request for Injunctive relief in Case no. JE13-02665K ,DC-12-06777 and Cause No, DC-1011135. These cases are not presently set for hearing by the intermediate appellate court.

## Legal Authorities in Support of Petitioner's Motion

The procedure for obtaining a Texas Temporary Restraining Order, Temporary Injunction and Permanent Injunction is contained in the Texas Rules of Civil Procedure §680 - §693.  These rules are provided here for your reference:

Tex. R. Civ. P. 680

**Temporary Restraining Order**

No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit which is provided in the Petition or by the verified complaint which is provided, that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. No more than one extension may be granted unless subsequent extensions are unopposed. In case a temporary restraining order is granted without notice, the application for a temporary injunction shall be set down for hearing at the earliest possible date and takes precedence of all matters except older matters of the same character; and when the application comes on for hearing the party who

obtained the temporary restraining order shall proceed with the application for a temporary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Every restraining order shall include an order setting a certain date for hearing on the temporary or permanent injunction sought.                        Tex. R. Civ. P. 681

### Temporary Injunctions: Notice

No temporary injunction shall be issued without notice to the adverse party.

Tex. R. Civ. P. 682

### Sworn Petition

No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief. Which is provided in Petition

Tex. R. Civ. P. 683

### Form and Scope of Injunction or Restraining Order

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. Reasons and scope are made in Petition and Brief.

Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.  That position was established by law As it is well settled under Texas law that the court is allowed to enjoin all parties, and because Defendants below did no plead or produce evidence that their allegations did not  meet one of the exceptions, this Court should stay the Temporary Injunction Order.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner pray that this Court take up and consider Motion to Stay Temporary Injunction, that said motion be granted, and for such other relief, both at law and in equity, to which Petitioner may show entitled.

Respectfully & Honorably submitted,

Mail to:

Bank of America, National Association as Successor By Merger to LaSalle Bank National Association  As Trustee for Certification of EMC MORTGAGE CORPORATIONRATION Loan & Trust 2004-B, ITS SUCCESSORS & ASSIGNS
CODILIS & STAWIARSKI, P.C.
650 North Sam Houston Parkway East, Suite 450
Houston, Texas 77060
State Bar No. 24032731
281-925-5316
ATTORNEYS FOR DEFENDANTS

By: _Carl Timothy Benson_
ALL RIGHTS RESERVED WITHOUT RECOURSE UCC1-308
:Carl-Timohty:Benson:
Benson Family Generation Irrevocable Trust©®™
c/o 160 Palm Drive
Lancaster, Texas [75146]
Dallas County Sherriff No. 8377

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Carl Benson | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| | * |
| | * |
| | * |
| | * Civil Action No. 3:14-CV-1046-B |
| Bank of America, National Association | * |
| CODILIS & STAWIARSKI, P.C., | * |
| Mary M Speidel | * |
| | * |
| | * |
| | * |
| Defendant, | * |
| | * |

## AFFIDAVIT FOR ORDER OF INJUNTIVE RELIEF

4

Trustee for Certification of EMC Mortgage Corporation Loan & Trust 2004-B, ITS SUCCESSORS AND ASSIGNS, CODLIS & STAWIARSKI. P.C. JP Morgan Chase Bank N.A., is represented by counsel. This court determines that it has subject matter jurisdiction under authority of Texas Statute, and by the sufficiency of complaint submitted by :Carl: Benson:. Whereas this court determines that the Bank of America, National Association as Successor By Merger to LaSalle Bank National Association as Trustee for Certification of EMC Mortgage Corporation Loan & Trust 2004-B, ITS SUCCESSORS AND ASSIGNS, CODLIS & STAWIARSKI, P.C., JP Morgan Chase Bank N.A., failed or refused to comply with Federal Rules of Civil Procedure, Texas. R. Civ. P. 55(a), (b)(1), the Bank of America, National Association as Successor By Merger to LaSalle Bank National Association as Trustee for Certification of EMC Mortgage Corporation Loan & Trust 2004-B, ITS SUCCESSORS AND ASSIGNS, CODLIS & STAWIARSKI, P.C., JP Morgan Chase Bank N.A., McCarthy, Holthus & Ackerman, LLP. & HUD c/o Southwest Alliance is enjoined from confirming the Trustee sale on property described as: 160 Palm Drive, Lancaster, Texas [75146], Lot 20 BLOCK B OF ROLLING MEADOWS ADDITION, PHASE 1 AN ADDITION TO THE CITY OF LANCASTER, COUNTY OF DALLAS, TEXAS, ACCORDING TO MAP OR PLAT THEROF RECORDED IN VOLUME 201227, Page 51, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

## JURAT

I/We hereby attest and affirm, under and in compliance with the laws of the Creator of the Universe that, to the best of my/our knowledge and belief, the above is true, correct and complete in compliance with the Universal Laws/Supreme Laws of The Land and the Laws of The Republic of Texas.

ALL RIGHTS RESERVED/ WITHOUT RECOURSE

By: _Carl Timothy Benson_

Executor/Administrator/Trustor

STATE OF TEXAS         §
                       §         **ACKNOWEDGMENT**
COUNTY OF DALLAS       §

As a Notary Public for said County and state, I do hereby certify that _Carl Benson_ on this _15th_ day of _April_, 2014 the above mentioned appeared before me and executed the foregoing.

Witness my hand and seal:

ALL RIGHTS RESERVED / WITHOUT RECOURSE

By: _Veronica Hood_

Notary Public

My Commission Expires: _Feb, 16, 2016_

VERONICA LE'CRISHA HOOD
Notary Public

5