IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CARL T. BENSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:14-CV-1046-L** |
| § | |
| **BANK OF AMERICA BY MERGER TO** § | |
| **LASALLE BANK NATIONAL** § | |
| **ASSOCIATION,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Stay Temporary Injunction (Doc. 13), filed by Plaintiff Carl T. Benson ("Benson") on April 16, 2014, and the motion "Requesting [] Injunctive Relief and Temporary Restraining Order" (Doc. 15), filed by Benson on April 17, 2014.  Although the earlier filed motion is styled as a motion to stay an existing temporary injunction, there is no indication in the record that a temporary injunction was ever requested or entered in the underlying state court action.  Moreover, in light of Benson's motion filed today, it appears that he is actually requesting the court to enter a temporary restraining order in his favor.* The court therefore construes Benson's motions collectively as requesting a temporary restraining order. For the reasons herein explained, the court **denies** the "Motion [for] Temporary [Restraining Order]" (Doc. 13) and the motion "Requesting [] Injunctive Relief and Temporary Restraining Order" (Doc. 15).

This mortgage foreclosure case filed by Benson against Bank of America by Merger to

---

* Benson's April 17, 2014 motion is one page in length and simply states: "Reason: (Emergency Shelter) Homeless/No place to go/ No Preparation or Assistance[.]" Doc. 15.  The motion also includes Benson's current address, which is the same address of the property at issue in this lawsuit that was sold in a foreclosure sale in September 2010.

**Memorandum Opinion and Order - Page 1**

LaSalle Bank National Association ("Defendant") started out as a forcible detainer action against Benson in state court. After judgment was entered in favor of Defendant in the forcible detainer action, Benson appealed and asserted various counterclaims, which were severed from the appeal and assigned a new civil action. Benson contends that he is entitled to more than $15 million in damages as a result of the allegedly wrongful foreclosure of his property, which was sold for $76,421.72 in a foreclosure sale on September 7, 2010.

On March 25, 2014, within thirty days after an order was entered realigning the parties in the new civil action, Defendant removed the case to federal court on March 25, 2014. Benson filed his Motion to Stay Temporary Injunction and motion "Requesting [] Injunctive Relief and Temporary Restraining Order" after Defendant moved on April 2, 2014, to dismiss his claims under Federal Rule of Civil Procedure 12(b)(6). While Benson seeks relief under state rules of civil procedure, his motions are governed by federal law. *See Walker v. F.D.I.C.*, 970 F.2d 114, 121 (5th Cir. 1992) (explaining that federal rather than state procedural law applies since federal law controls the course of proceedings from the point of removal). Additionally, to the extent any order granting injunctive relief was entered by the state court before the case was removed, it was "federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance" and would have lapsed fourteen days after the case was removed. *Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303-304 & n.2 (5th Cir. 1988) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423 (1974), and discussing the interplay between 28 U.S.C. § 1450 and Federal Rule of Civil Procedure 65(b) applicable to temporary restraining orders in federal court).

**Memorandum Opinion and Order - Page 2**

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.*, 760 F.2d at 621. Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

Benson's motions are devoid of any factual allegations and instead consist of a compilation of undecipherable formulaic legal arguments. Moreover, although Benson's state court pleadings

containing his counterclaims are verified, the basis for his request for injunctive relief is unclear. Presumably, given the nature of this case, the prior proceedings, and Benson's statement that he is or will be homeless and has no place to go, Benson is seeking to prevent an impending eviction. Benson states in his pleadings that the underlying state court action was filed on April 5, 2013, and the foreclosure sale of the property at issue occurred on September 7, 2010. The significant delay in seeking injunctive relief months or years after the aforementioned events weighs against a finding that there exists a substantial threat of irreparable harm.

Further, Benson's claims in this case are for money damages resulting from the allegedly wrongful foreclosure. He does not contest Defendant's attempt to evict him from the property; nor does he seek to recover the property. Thus, even if Benson were to prevail on his claims in this case, it would not preclude his eviction from the property at issue. At most, Benson would only be entitled to money damages, and he offers no arguments, authority, or evidence to show that any harm resulting from an eviction cannot be cured by money damages if the eviction is subsequently proven to be unlawful. Benson has therefore failed to satisfy his burden of establishing all of the requirements for a preliminary injunction or temporary restraining order. Accordingly, the court **denies** the "Motion [for] Temporary [Restraining Order]" (Doc. 13) and the motion "Requesting [] Injunctive Relief and Temporary Restraining Order" (Doc. 15).

**It is so ordered** this 17th day of April, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge