IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL BENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-cv-1046-L (BF) |
| | § | |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. Defendant Bank of America, National Association ("BOA"), as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of EMC Mortgage Loan Trust 2004-B, Mortgage Loan Pass-Through Certificates, Series 2004-B has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The findings, conclusions, and recommendation of the Magistrate Judge are as follow:

#### Background

This case is the latest in a series of legal actions arising out of foreclosure proceedings initiated against the real property located at 160 Palm Drive in Lancaster, Texas (the "Property"). BOA purchased the Property at a non-judicial foreclosure sale held on September 7, 2010. *See* Def. Mot., Ex. A. Thereafter, BOA filed a forcible detainer action seeking to evict Plaintiff Carl Benson and take possession of the Property. The Justice Court issued a judgment of possession in BOA's

favor on December 30, 2013. The next day, Benson appealed the judgment to the Dallas County Court at Law, No. 4. Benson subsequently filed a "Counterclaim, Negative Averment, & Opportunity to Cure" in the action pending in the County Court. The County Court severed the "counterclaim," assigned it a new cause of action, and re-aligned the parties so that BOA was the defendant. Def. Rem. Not., Ex. A-2. On March 25, 2014, BOA removed Benson's lawsuit to federal district court on grounds of federal question and diversity jurisdiction. Def. Rem. Not. at 3, ¶¶ 7-9.

Succinctly stated, Benson's lawsuit challenges the validity of the 2010 foreclosure sale and BOA's ownership of the Property. *See* Def. Rem. Not., Ex. A-3. Benson contends that his mortgage note was fraudulently sold to BOA and that BOA lacked authority to foreclose on the Property. He demands to inspect the original mortgage note "with wet ink signatures." *Id.* at 4. He also claims that BOA violated the Truth in Lending Act, the National Housing Act, and the duty of good faith and fair dealing. *Id.* at 6, 7, 8. Benson further alleges that BOA improperly serviced his loan and added illegal charges to his balance. *Id.* at 9-10. He claims damages in excess of $15 million. *See id.* at 11-12. BOA now moves to dismiss Benson's claims for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Benson has filed numerous documents and miscellaneous requests for relief,[1] but has failed to file any response to the motion. Accordingly, the Court considers the motion without the benefit of a response.

---

[1] While the motion to dismiss has been pending, Plaintiff has filed a First Notice of Demand and Settlement for the Closing of the Escrow (Doc. 8), a Second Notice of Demand and Settlement (Doc. 10), a Motion to Stay Temporary Injunction (Doc. 13), a Notice of Irrevocable Estoppel by Acquiescence (Doc. 14), a Motion for Injunctive Relief and for Temporary Restraining Order (Doc. 15), an Emergency Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 20), a Request for Order Granting Interpleader, Emergency Stay and Temporary Injunction Due to Hardship (Doc. 21), a Motion to Quash Writ of Possession (Doc. 23), a Contractual and Final Notice of Demand and Settlement for Closing of the Escrow (Doc. 24), a Notice of Judicial Review (Doc. 25), and a Counter Affidavit to Quash Writ of Possession (Doc. 26).

## Legal Standards

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In ruling on the motion to dismiss, the Court may consider, among other things, documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

**Analysis**

As an initial matter, BOA argues that Benson is collaterally estopped from challenging the validity of the 2010 foreclosure sale and BOA's ownership of the Property because those issues were fully litigated in a prior state court lawsuit. Def. Mot. at 3-4. The Court applies state law to determine the preclusive effect of a state judgment in federal court. *See, e.g., In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996). Under Texas law, the doctrine of collateral estoppel, or issue preclusion, "precludes relitigation of ultimate issues of fact actually litigated and essential to the judgment in a prior suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992). The doctrine promotes judicial efficiency, protects parties from multiple lawsuits, and prevents inconsistent judgments by preventing the relitigation of particular issues that were resolved in a prior action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). A party asserting collateral estoppel must prove that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002). Mutuality is not required; rather, it is only necessary that the party against whom collateral estoppel is sought was a party, or was in privity with a party, in the prior litigation. *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990).

Here, BOA has met its burden to show that Benson is precluded from relitigating the validity of the 2010 foreclosure sale and its ownership of the Property. Benson previously filed a lawsuit (the "Prior Lawsuit") in the 116th Judicial District Court of Dallas County, Texas against BOA's mortgage servicer, JPMorgan Chase Bank, N.A. ("JPMC"), successor servicer to EMC Mortgage

LLC, formerly known as EMC Mortgage Corporation, and others challenging the foreclosure sale.[2] JPMC moved for summary judgment in the Prior Lawsuit on Benson's claims for wrongful foreclosure, quiet title, declaratory judgment, injunctive relief, breach of contract, fraud, fraudulent inducement, and negligence. Def. Mot., Ex. C. Among other things, JPMC argued that Benson's wrongful foreclosure claim failed because he could not show a defect in the foreclosure sale proceeding. *Id.* at 6-7. JPMC relied on uncontroverted evidence that Benson had executed a Note payable to Allied Home Mortgage Capital Corporation ("Allied Home") and a Deed of Trust as security for the Note. *Id.* Allied Home assigned the Note and Deed of Trust to Wells Fargo Home Mortgage, Inc. ("Wells Fargo"). *Id.* The Note was endorsed to Wells Fargo, and the assignment was recorded in the real property records of Dallas County. *Id.* Wells Fargo, in turn, assigned the Note and Deed of Trust to EMC Mortgage Corporation ("EMC"). *Id.* Again, the Note was endorsed to EMC, and the assignment was recorded in the real property records of Dallas County. *Id.* EMC assigned the Note and Deed of Trust to LaSalle Bank National Association, as Trustee for Certificateholders of EMC Mortgage Loan Trust 2004-B, Mortgage Loan Pass-Through Certificates, Series 2004-B, and the assignment was recorded in the real property records of Dallas County. *Id.* LaSalle Bank National Association merged into BOA. *Id.*

In the Prior Lawsuit, JPMC argued that the summary judgment evidence established that the Note and Deed of Trust were properly assigned to BOA, and JPMC, as BOA's servicer, had authority to initiate foreclosure proceedings and sell the Property to BOA. *Id.* The state court agreed

---

[2] The Court properly considers the filings in the prior state court action because these documents are a matter of public record. *See, e.g., Johnson v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3542-L, 2013 WL 3810715, at *5 (N.D. Tex. July 23, 2013) ("clearly proper" for court to consider filings from plaintiff's previous lawsuit in context of motion to dismiss because such documents are matters of public record that can be judicially noticed).

and granted summary judgment in JPMC's favor on all of Benson's claims. *See id.,* Ex. B. Benson was clearly cast as an adversary with respect to the validity of the 2010 foreclosure sale and BOA's ownership of the Property in the Prior Lawsuit. Those issues were fully and fairly litigated, and they were essential to the judgment rendered in JPMC's favor. Benson is thus collaterally estopped from relitigating those issues in this lawsuit. Accordingly, the District Court should grant BOA's motion to dismiss with respect to his claims challenging the validity of the foreclosure sale and BOA's ownership of the Property.[3]

Nor is there any merit to Benson's claims that the foreclosure was wrongful because BOA and JPMC did not present "the 'Original Mortgage Note,' with wet ink signatures" for his inspection or otherwise prove to his satisfaction that one or both of them were the owner or holder of his note prior to the foreclosure. *See* Pl. Counterclaim (Doc. 1-6) at 4-6. These assertions implicate the so-called "show-me-the-note" theory, which the Fifth Circuit has unambiguously rejected as having no merit. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) (affirming dismissal of claims based on theory that only the holder of the note has lawful power to initiate a non-judicial foreclosure). Texas law simply does not require possession or production of the original note as a condition precedent to foreclosure. *Id.*; *see also* TEX. PROP. CODE § 51.002(a)-(h) (setting forth requirements for nonjudicial foreclosure in Texas, which do not include producing the original note). To the extent Benson premises his claims on any alleged failure to produce the original note, his claims fail and are subject to dismissal under Rule 12(b)(6). *Preston v. Seterus, Inc.*, 931

---

[3] These claims include (1) Count 1 of his "Counterclaim, Negative Averment, & Opportunity to Cure," which alleges that BOA cannot prove its ownership of his mortgage note and, thus, lacks authority to foreclose on the Property, Pl. Counterclaim (Doc. 1-6) at 4-5; (2) Count 4, which alleges that the foreclosure was fraudulently conducted "without a contract with Holder in Due Course," *id.*; and (3) Count 5, which asserts that BOA lacks standing to foreclose because it was not the "true owner" and was not shown to be authorized to bring the foreclosure action, *id.*

F. Supp. 2d 743, 757 (N.D. Tex. 2013) (presentation of original note to borrowers is not a prerequisite to foreclosure of deed of trust in Texas); *Martinez v. Wells Fargo Bank, N.A.*, No. 3:13-CV-1700-L, 2014 WL 783477, at *2 (N.D. Tex. Feb. 27, 2014) (granting Rule 12(b)(6) motion with respect to claims premised on "show-me-the-note" theory).

Benson also has failed to allege facts sufficient to state a claim for relief for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f), the National Housing Act ("NHA"), 12 U.S.C. § 1701x(e)(5), or the duty of good faith and fair dealing. *See* Pl. Counterclaim at 7. With respect to the TILA, his claim is barred by the statute's one-year limitations period because the foreclosure allegedly giving rise to his claim occurred more than three years ago. *See* 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation"). Regarding his NHA claim, courts in the Fifth Circuit have consistently held that a borrower does not have a private cause of action under the Act or any of its accompanying regulations. *See Beacham v. Bank of Am., N.A.*, No. 3:12-CV-00801-G-BF, 2012 WL 2358299, at *4 (N.D. Tex. May 25, 2012), *rec. adopted*, 2012 WL 2362619 (N.D. Tex. June 21, 2012) (citing cases). Nor does Texas law recognize a duty of good faith or fair dealing in transactions between a mortgagee and mortgagor, absent a "special relationship[ ] marked by shared trust or an imbalance in bargaining power." *King v. Wells Fargo Bank, N.A.*, No. 3:11-CV-0945-M-BD, 2012 WL 1205163 at *2 (N.D. Tex. Mar. 20, 2012) (citing cases), *rec. adopted*, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012). Benson does not allege any facts in his Counterclaim to suggest that he had a "special relationship" with BOA.

Finally, to the extent Benson has attempted to state a claim on any other substantive grounds, such as BOA's alleged improper servicing of his loan, "refusing to zero his account," or illegally adding fees and charges to his balance, *see* Pl. Counterclaim at 5, 9-10, his vague assertions do not permit the reasonable inference that BOA is liable for any misconduct. The same is true for his passing references to "unclean hands," fraud, abuse of power, racketeering or "RICO," and denial of due process. The District Court should therefore grant BOA's motion to dismiss with respect to all of Benson's claims and causes of action.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT BOA's motion (Doc. 6) and DISMISS with prejudice all of Benson's claims and causes of action.[4]

SO RECOMMENDED, April 24, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[4] Ordinarily, the Court would allow Benson to amend his complaint in an attempt to cure the pleading defects identified by BOA. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, Benson never sought leave to amend his initial pleading, even after BOA pointed out the deficiencies in its Motion to Dismiss. Nor did Benson respond to BOA's Motion to Dismiss. It therefore appears that Benson is unwilling or unable to amend his complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate. *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).